# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| VINCENT EDWARD BIFFLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-2836-JPM-tmp |
| | ) | |
| TENNESSEE CHILD SUPPORT and | ) | |
| FELICIA M. HOGAN, Referee | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of Chief United States Magistrate Judge Tu M. Pham, (ECF No. 10), with respect to Plaintiff Vincent Edward Biffle's ("Plaintiff's" or "Biffle's") Complaint. (ECF No. 2.) The Magistrate Judge recommends the Court dismiss the Complaint. (ECF No. 10 at PageID 20.) Defendant filed a timely objection to the Report and Recommendation on December 5, 2024. (ECF No. 11.)

Upon de novo review, the Court **ADOPTS** the Report and Recommendation and dismisses Plaintiff's Complaint.

I.   **BACKGROUND**[1]

    A.   **Findings of Fact**[2]

On October 29, 2024, Plaintiff filed his Complaint against Defendants Tennessee Child Support ("TCS")[3] and Felicia M. Hogan ("Hogan")[4] (collectively, "Defendants") for violations of civil rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983. (ECF No. 2.) Plaintiff alleges that, on January 28, 2004, Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights related to his child support hearing. (Id. at PageID 2.) Among his grievances, Plaintiff alleges:

- service of process was insufficient because he was served by mail instead of personally;
- he was placed in arrears despite "prov[ing]" that he had "tak[en] care of his child";
- the court never found an injury; and
- the court did not apply "the best interest of the child" standard.

(Id.) Plaintiff alleges he "suffered from heavy mental and emotional distress" as a result. (Id. at PageID 3.) As relief, Plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive

---

[1] This section incorporates the Proposed Findings of Fact from the Magistrate Judge's Report. (ECF No. 10 at PageID 14–15.) There has been no objection to the factual findings. (See ECF No. 22.) Accordingly, the Court adopts the factual findings absent clear error. See Fed. R. Civ. P. 72(b) advisory committee notes.

[2] This subsection comes directly from the Magistrate Judge's Report with some minor edits. (ECF No. 10 at PageID 14–15.)

[3] In the Report and Recommendation, the Magistrate Judge noted the Tennessee Department of Human Services would be the proper defendant, as it administers the Tennessee Child Support Program. (ECF No. 10 at PageID 14–15 n.3).

[4] Defendant Hogan is referred to as a "Referee." (See ECF No. 2 at PageID 2.) While the Complaint does not allege specifics, a referee is generally "[a] person to whom a cause pending in a court is referred by the court, to take testimony, hear the parties. and report thereon to the court." BLACK'S LAW DICTIONARY (6th ed. 1990). Thus, it appears Hogan oversaw the child support hearing to a degree. (See ECF No. 2 at PageID 2.)

damages, injunctive relief prohibiting Defendants "from engaging in similar actions in the future," and attorney's fees and costs. (Id.)

**B.      Procedural History**

On November 22, 2024, the Magistrate Judge issued his Report and Recommendation, recommending the Complaint be dismissed. (ECF No. 10 at PageID 20.)

On December 5, 2024, Plaintiff filed his Objection to the Report and Recommendation. (ECF No. 11.)

**II.    LEGAL STANDARD**

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition.

When a timely objection is filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee's note to 1983 Addition; Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless").

**III.   ANALYSIS**

The Magistrate Judge recommended the Complaint be dismissed because he found neither Plaintiff's 18 U.S.C. § 242 nor his 42 U.S.C. § 1983 claim availing. (ECF No. 10 at PageID 20.)

Plaintiff specifically responded to the Proposed Conclusions of Law in the Report and Recommendation, and thus the Court reviews these conclusions of de novo. See Fed. R. Civ. P. 72(b)(3).

### A. Section 242 Claim

The Magistrate Judge concluded Plaintiff failed to state a claim upon which relief may be granted under 18 U.S.C. § 242 because it "is a criminal statute that does not provide a private right of action." (ECF No. 10 at PageID 17 (citing Bey v. Sessler, No. 23-3421, 2024 WL 2078564, at *3 (6th Cir. Feb. 29, 2024)).)

In his Objection, Plaintiff acknowledged 18 U.S.C. § 242 does not provide a private right of action. (ECF No. 11 at PageID 22.) Rather, Plaintiff stated his "intent in raising this claim was to highlight egregious violations of constitutional rights under color of law. These violations are relevant to the court's evaluation of the overarching constitutional issues raised in this case." (Id.) Furthermore, Plaintiff stated "courts may refer apparent violations of § 242 to the appropriate prosecutorial authorities for further investigation." (Id.)

Reviewing Plaintiff's objection de novo, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's objection does not rebut the fact that he has no private right of action under the criminal statute. Bey, 2024 WL 2078564, at *3 (citing United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003)). Furthermore, Plaintiff's statement that the Court "may refer" a violation under 18 U.S.C. § 242 for further investigation does not confer upon him a right of action under the statute. Thus, Plaintiff has failed to state a claim under 18 U.S.C. § 242.

### B. Section 1983 Claims

The Magistrate Judge concluded Plaintiff failed to state a claim under 42 U.S.C. § 1983 based on:

- the Court's lack of subject matter jurisdiction under the Rooker-Feldman doctrine;
- the one-year statute of limitations for claims in Tennessee for claims under § 1983; and
- judicial immunity for Defendant Hogan. (Id. at PageID 19–20.)

(ECF No. 10 at PageID 17–20.)

Defendant objected to each of these conclusions of law. (ECF No. 11 at PageID 22.) Defendant also objected to the Magistrate Judge's recommendation under the Ex parte Young exception and the Supreme Court precedent Monroe v. Pape. (See id. (citing 209 U.S. 123 (1908); 365 U.S. 167 (1961).) The Court addresses each objection in turn.

i. *Rooker-Feldman*

"[T]o the extent [Plaintiff] is challenging the judgment in the state child support proceedings," the Magistrate Judge concluded the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. (ECF No. 10 at PageID 17–18.) "The Rooker-Feldman doctrine 'prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision.'" Hall v. Callahan, 727 F.3d 450, 453 (6th Cir. 2013) (quoting Luber v. Sprague, 90 Fed. App'x 908, 910 (6th Cir. 2004)).

In his Objection, Plaintiff stated his claims do not appeal the state court judgment, but rather "address procedural violations and constitutional harms that occurred during state proceedings and persist thereafter." (ECF No. 11 at PageID 23.)

Reviewing Plaintiff's objection de novo, the Court finds it does not have subject matter jurisdiction under the Rooker-Feldman doctrine. While Plaintiff argues he does not directly seek to overturn a state court judgment, his suit implicates Rooker-Feldman because "the source of the injury is the state court decision." See McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006). All relief Plaintiff seeks under § 1983 is "inextricably intertwined" with the child support

hearing. See id. at 394. Thus, the Court lacks subject matter jurisdiction over the claim. Id. at 389.

        *ii.    Statute of Limitations*

The Magistrate Judge concluded Plaintiff's Complaint is barred by the statute of limitations, as Tennessee adopts a one year statute of limitations for personal injury claims under 42 U.S.C. § 1983. (ECF No. 10 at PageID 18 (citing Eidson v. Tenn. Dep't of Child.'s Servs., 510 F.3d 631, 634 (6th Cir. 2007); Tenn. Code Ann. § 28-3-104(a)).) The facts behind Plaintiff's suit stem from a child support hearing which occurred on January 28, 2004. (Id. at PageID 19 (citing ECF No. 2).)

In his Objection, Plaintiff argued the Magistrate Judge "overlook[ed] the ongoing harm and procedural misconduct stemming from the original violations." (ECF No. 11 at PageID 23.) Plaintiff argued his "pro se status, lack of legal resources, and the enduring effects of these unconstitutional actions warrant application of equitable tolling." (Id.)

Reviewing Plaintiff's objection de novo, the Court finds Plaintiff's Complaint is barred by the statute of limitations. The statute of limitations for Plaintiff's § 1983 claim is one year. See Eidson, 510 F.3d at 634; Tenn. Code Ann. § 28-3-104(a). In considering when the statute of limitations began to run, the Court "look[s] to what event should have alerted the typical lay person to protect his or her rights." Eidson, 510 F.3d at 635 (quoting Kuhnle Bros., Inc. v. County of Geauga, 103 F.3d 516, 519 (6th Cir. 1997)). Here, Defendant would have "know[n] or ha[ve had] reason to know of the injury which is the basis of his action" on January 28, 2004, the date of the child support hearing. See id. Thus, the statute of limitations began to run on that date. See id. Plaintiff filed his suit in November 2024, (see ECF No. 2), well past the one-year mark.

6

Furthermore, the Court finds Plaintiff's equitable tolling argument is unavailing. Plaintiff first states his pro se status and lack of legal resources justify equitable tolling. (ECF No. 11 at PageID 23.) However, this does not warrant equitable tolling. See Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 751 (6th Cir. 2011) ("[Plaintiff's] pro se status and limited law-library access do not change our analysis [that equitable tolling is not warranted]."); see also Vine v. Byrd, No. 3:21-CV-00260, 2021 WL 4552959, at *3 (M.D. Tenn. Oct. 5, 2021) ("courts have consistently 'rejected arguments that lack of academic and legal education, ignorance of the law, and lack of legal assistance is enough to equitably toll the limitations period'").

Plaintiff next states the "enduring effect of these unconstitutional actions [by Defendants] warrant application of equitable tolling." (ECF No. 11 at PageID 23.) To the extent Plaintiff is arguing there is a continuing violation which extends accrual of his § 1983 claim, that argument is unavailing. "'[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.' Passive inaction does not support a continuing violation theory." Eidson, 510 F.3d at 635 (citations omitted). Here, Plaintiff has not alleged any "continual unlawful acts." See id. Rather, Plaintiff only argues there are "enduring effects" of Defendants' actions. (ECF No. 11 at PageID 23.) That allegation, however, constitutes "continual ill effects" which do not warrant extending accrual of Plaintiff's claim. See id. Thus, equitable tolling is not warranted here.

      iii.    *Judicial Immunity*

The Magistrate Judge concluded Plaintiff's claim against Defendant Hogan are barred because given her "official capacity as a referee and her application of the best interest of the child standard," she is entitled to absolute immunity from suits brought under 42 U.S.C. § 1983. (ECF No. 10 at PageID 19 (citing Winston v. Berger, No. 1:23-cv-13024, 2023 WL 8602976, at *6 (E.D.

7

Mich. Dec. 12, 2023)).)  The Magistrate Judge concluded no exceptions to judicial immunity applied.  (Id. (citing Winston, 2023 WL 8602976, at *6).)

In his Objection, Plaintiff argued an exception to the general principle of immunity for referees exists for "actions taken outside their judicial capacity or in violation of constitutional mandates."  (ECF No. 11 at PageID 23.)

Reviewing Plaintiff's objections de novo, the Court finds Plaintiff's claims against Defendant Hogan for damages is barred by judicial immunity.  Defendant Hogan is a referee who is "entitled to absolute immunity to the same extent as [a] judge[]."  Winston, 2023 WL 8602976, at *6 (citing Lucarell v. McNair, 453 F.2d 836, 838 (6th Cir. 1972); Johnson v. Turner, 125 F.3d 324, 333 (6th Cir. 1997); Littleton v. Fisher, 530 F.2d 691, 692 (6th Cir. 1976)).

Defendant Hogan is entitled to immunity from a suit for money damages unless her actions were non-judicial or "in the complete absence of all jurisdiction."  See Ward v. City of Norwalk, 640 F. App'x 462, 466 (6th Cir. 2016) (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991)).  Plaintiff has alleged no facts Defendant Hogan acted outside her judicial capacity or acted in absence of jurisdiction.  Thus, Defendant Hogan is entitled to immunity from suit for money damages.  See id.

        iv.    *Ex parte Young* & *Monroe v. Pape*

In his Objection, Plaintiff cites Ex parte Young for the ability to gain an injunction against "ongoing unconstitutional activities" and Monroe v. Pape for the ability to collect damages for violations of constitutional rights.  (ECF No. 11 at PageID 22, 23.)

Plaintiff's Ex parte Young argument is unavailing.  "The Ex parte Young doctrine operates as an exception to the general rule of sovereign immunity that states may only be sued with their consent. Under Ex parte Young, suits against state officials seeking equitable relief for ongoing

8

violations of federal law are not barred by the Eleventh Amendment." Mich. Bell Tel. Co. v. Climax Tel. Co., 202 F.3d 862, 867 (6th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Feb. 16, 2000) (citing 209 U.S. at 159–60). The injunctive relief Plaintiff seeks is to "prohibit[] Defendant[s] from engaging in similar actions in the future." (ECF No. 2 at PageID 3.) However, Plaintiff has not shown an "ongoing violation of federal law" by Defendants, as he has alleged no "ongoing enforcement" of Defendants' actions. Mich. Bell, 202 F.3d at 867. Thus, Plaintiff's citation to Ex parte Young is unavailing. See id.

Plaintiff's Monroe v. Pape argument is similarly unavailing. Plaintiff argues "[t]he procedural irregularities in my case, including due process violations and unconstitutional actions by the defendants, fall squarely within the purview of § 1983. The [Magistrate Judge's] dismissal overlooks this binding precedent, which establishes liability for the unconstitutional deprivation of rights." (ECF No. 11 at PageID 23.) However, Monroe merely allows people to hold municipalities responsible under § 1983. See 365 U.S. at 191. Plaintiff's Monroe argument does not overcome the procedural issues from Rooker-Feldman, statute of limitations, and judicial immunity. See supra Section III.B.i–iii.

### C. Service of Process

Lastly, the Court addresses Plaintiff's alleged deficiency in service of process. The Magistrate Judge concluded this assertion was "without merit because Tennessee Rule of Civil Procedure 4.04(10) specifically allows service by mail." (ECF No. 10 at PageID 20.)

In his Objection, Plaintiff states the Magistrate Judge's conclusion "ignore[d] the procedural context and the impact on [his] ability to respond." (ECF No. 11 at PageID 23.) Plaintiff alleges the "inadequate service violated [his] due process rights by depriving [him] of a fair opportunity to contest the proceedings, contrary to the Fourteenth Amendment." (Id.)

9

Reviewing Plaintiff's objections de novo, the Court finds his arguments unavailing. Service upon defendants via mail is permitted via Tennessee Rule of Civil Procedure 4.04(10) (within Tennessee) or 4.05(1)(a) (outside Tennessee). The Court finds no violation of Plaintiff's due process rights because he received notice of the Tennessee child support hearing in the mail.

## IV.  CONCLUSION

Upon de novo review, the Court finds Plaintiff failed to state a claim upon which relief can be granted. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DISMISSES** Plaintiff's Complaint.

**SO ORDERED**, this the 8th day of January, 2025.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE